Jewett *v.* Felker.

---

## JEWETT *v.* FELKER.

Where the right in equity of redeeming lands was sold on execution by the sheriff, and the purchaser forthwith brought his action against the mortgagor to have possession of the lands; and afterwards, and within the year, the mortgagor tendered to the demandant the purchase-money and interest, pursuant to the statute, but did not offer to pay the costs of the suit,—it was holden that under the laws of this State the tender was no bar to the action, unless it included the costs also.

But in such case, the Court, on payment of the money and costs, will stay farther proceedings.

In a writ of entry upon the demandant's own seisin, tried upon the general issue, it appeared that the tenant, having mortgaged his lands to a stranger, and being a judgment debtor, his creditor had caused the right in equity of redemption to be seised on execution and sold; and the demandant, having become the assignee of the purchaser's title, brought this action to obtain possession of the lands. Afterwards, and within a year from the sale, the tenant tendered to the demandant the amount of the money for which his right in equity was sold, and the interest thereon, but did not tender the costs of this action. Hereupon a verdict was returned for the demandant, subject to the opinion of the Court upon the sufficiency of this tender to redeem the lands and defeat this action.

Jewett v. Felker.

*W. W. Fuller,* for the demandant, insisted that the tender was insufficient without payment of the costs of this suit, as it went to defeat an action regularly commenced, and this too by the mere act *in pais* of the party. But if the sum had been sufficient, yet it could only be shewn under a special plea, both by the acknowledged rules of pleading a tender, and because it was evidence of a title gained by the tenant after the commencement of the action. *Andrews v. Hooper,* 13 *Mass.* 472, *Morris v. Phelps,* 5 *Johns.* 49.

*Preston,* for the tenant, relied on the language of the statute, giving the right of redemption *at any time* within a year after the sale, on payment of the sum the land sold for and costs.

MELLEN C. J. As between the mortgagor and the mortgagee, the *latter* is considered as seised of the legal estate ;—but as between the mortgagor and all *other* persons, he is regarded as still continuing seised, and accordingly may convey in fee. The demandant in the present case, by the sale of the right of *Felker* on the execution to *Fuller,* and *Fuller's* conveyance to him, had an immediate right of entry on the land thus purchased, in the same manner as though *Felker* had made a voluntary and direct conveyance to the demandant. As then it became necessary for him to commence an action against the tenant, in order to obtain possession of the lands he had purchased, and to hold them, subject to the tenant's right of redemption, the demandant must be considered in such proceeding as in the right, and the tenant, in withholding the possession, as in the wrong.

The action being rightly commenced, the demandant cannot be deprived of his costs of the suit without his own consent, or by means of his own act ; because they are incident to the lawful prosecution of his legal rights. It is a well settled principle that a tenant cannot defeat a demandant's action by purchasing in a title after the commencement of the action, unless such purchase be made of the demandant, or with his concurrence or consent. The cases cited for the demandant are authorities to this point. Now it is perfectly clear that the tenant, by his tender within a year, completely divested the title of the de-

mandant, by redeeming the estate on the terms prescribed by the statute. So far the tender is effectual,—but it cannot be a bar to this action. No tender is good at common law after the commencement of the action;—and by our *Stat.* 1822, *ch.* 182, a tender after the commencement of the action is not good unless all costs up to that time are also tendered. If the tenant has reduced himself to an unpleasant situation, it is owing, in the first place, to his own indiscretion in not yielding up the possession to the demandant without a suit; and secondly in not tendering the costs of suit when he tendered the price of the land and interest.

But though the tender which was proved in the manner above mentioned could not, strictly speaking, form a legal defence to the action, either on the general issue or under a special plea; yet considering the peculiar circumstances of this case, the Court would, on payment of all costs by the tenant, stay further proceedings, so as to protect the rights of all concerned.

*Verdict set aside and a new trial granted.*